Good morning, ladies and gentlemen. Our first case of the morning is case 118674, People of the State of Illinois v. Jesse Travis, Bradford. Are you ready to proceed? May it please the court. My name is Joel Wessel. I'm with the Office of the State Appellate Defender and I'm representing Jesse Bradford. This case concerns the interpretation of the burglary statute's little-used provision, burglary by remaining within. This case comes before this court today for one reason, because the state charged an offense that they could not prove. And in order to save this one conviction, this court is being asked to upend 37 years of legal precedence and legislative acquiescence. And if this court accepts the Fourth District's ruling or the state's argument, it will be converting shoplifting from what has historically been charged as a Class A misdemeanor into a Class II felony. Going back to 1978 in People v. Valero, the Third District held that where a defendant enters a business lawfully, commits a theft, and leaves while that business is still open, he does not commit burglary by remaining within. The Third District compared those facts to another case, People v. Manning, where that defendant entered a pharmacy where he secreted himself and waited for the lights to turn off and for the pharmacy to close with the intent to commit a theft. The Third District held that that was surely what the legislature had intended when it enacted the remaining within provision. Fast forward to 2012 in People v. McDaniel, the Fifth District. They used Valero's reasoning to hold that where a defendant lawfully entered Walmart, shoplifted, and left while Walmart was open to the public, while having never entered into an unauthorized or an employee-only area, McDaniel did not commit burglary by remaining within. He committed retail theft. But here, the Fourth District rejected both Valero and McDaniel and held that where Bradford entered Walmart while it was open, shoplifted, left while it was open, having never ventured into an employee-only or restricted area, he was not guilty of retail theft but of burglary. And the state adopts this position in its brief. But both of these positions and interpretations abandoned decades of legal precedence. And the legislature has had 37 years since 1978 in People v. Valero to overrule or change the statute. And it has not done so. This is the very definition of legislative acquiescence. And apart from this legislative acquiescence, we also have the legislature's intent. And it's apparent from the retail theft statute, which was enacted in 1975, 14 years after the burglaries remaining within provision became law. And if you look to the statute, you can see that the legislature gave considerable thought to how punishment for shoplifters should be dealt out. And the statute is here to address more serious acts of shoplifting. It ranges from a Class A misdemeanor all the way up to a Class II felony. And the proportionality considerations take into account several different factors, how much property was taken, the manner in which it was acquired, and how many prior acts of theft the individual may have committed. And it's also important to note that the statute has been amended numerous times. Most recently in 2012, where the legislature doubled the threshold amount needed to charge a felony from $150 to $300. That means unless someone shoplifts a significant sum, they will not be charged a felony. But here, the Fourth District and the state, they've abandoned these proportionality considerations, and burglary is now, under their interpretation, a one-size-fits-all crime. And what's more is that this interpretation will lead to burglary charges in numerous unanticipated circumstances. Any battery in a public building, Walmart, McDonald's, a sporting venue, Wrigley Field, Assembly Hall, will now be burglary. And in its brief, it's important to note that the state does not refute this logical extension of its reasoning. It only argues that these are not the facts before this court today. But this court should certainly be considering the natural extensions of its holding if it's inclined to abandon the Retail Theft Statute in favor of the state's and the Fourth District's interpretation of the burglary statute. Now, that is not to say that burglary by remaining within cannot be charged in some situations. It can be charged when someone possesses a more culpable intent. For instance, burglary by illegal entry, where someone possesses the intent to steal before they enter the store. Or burglary by remaining within, where they enter the store and, like people v. Manning, they secrete themselves and hide and they wait for the store to close. Remaining within. Or, like people v. Glover, or people v. Richardson, where they entered the business lawfully, but then they were later found to have entered into a restricted area or an employee-only area. These are certainly more culpable acts and they fit within what the courts have interpreted for decades and the legislature has acquiesced to. Following the state and the Fourth District's interpretation would frustrate the legislature's intent. Again, we are here because the state is trying to maintain a single conviction. And in the process, it is attempting to pervert the burglary statute from here on forward. Common sense should be informing our jurisprudence. And common sense dictates that when the legislature has for decades intended that it be the retail theft statute that governed all but the most serious acts of shoplifting. Now, I'd like to read part of the Fifth District's opinion in McDaniel, which discusses exactly what the state is attempting to do in this case. The decision to convert retail theft to burglary does not rest with the police, prosecutors, or even the courts of the state. The legislature defines what actions constitute a crime and how the crime should be punished. If the police and prosecutors of Illinois believe that harsher penalties should be available to punish retail theft, they should put the issue before the legislature and seek change in the laws through legislative amendment. This court should not assist the prosecution in creating a de facto amendment to criminal law by reading remaining within so broadly that common shoplifting becomes burglary. Is it your position that the remains within language is ambiguous? I'm sorry, Your Honor? Is it your position that the remains within language in the statute is ambiguous? It seems to be that way, and courts have not defined what the remaining within provision entails necessarily. But from 1978 forward, what we have is what the situation that occurred here is not burglary. And if it is ambiguous, then the rule of lenity demands that any ambiguity be resolved in the manner which favors the accused. And here, going back 37 years, this statute has not been interpreted this way. Did the legislature broaden the reach of the statute when it adopted that language? It doesn't seem to have been that way. In 1961, the committee comments. They say that the remains within provision was adopted from the burglar found in the building provision from before. And all that statute says is any burglar found in a building with the intent to commit several felonies and larceny is guilty of burglary. And burglar found in the building necessarily implies that someone is discovered there. You're not discovered when you walk in through Walmart's open door front and you commit an act of shoplifting. And then you leave while that building is still open to the public. That has for decades been defined as retail theft until this case where the state is attempting to save this one conviction. Are there any further questions? I don't believe so. Thank you. Thank you, Your Honors. I would just ask that this court overrule People v. Bradford, reject the state's position, and construe the burglary statute in the manner originally intended. Thank you, Your Honor.  I'm Assistant Attorney General Eric Levin on behalf of the people of the state of Illinois. The issue in this case is actually, I believe, quite narrow, and I think to see why it's helpful if we take a step back. Of course, in Illinois, under Illinois' burglary law, there are two distinct ways that a person can be charged with burglary. The first way, and perhaps the most common way, is by entering a building without authority with the intent to commit a felony or theft therein. And the second way, which is at issue here, is by remaining within a building without authority with the intent to commit a felony or theft therein. Before you get into your argument, counsel, can you describe for me a fact pattern in which a routine retail theft could not be charged as a Class II burglary based on unauthorized remaining? Certainly, Your Honor. I think two examples which we acknowledge in our brief would be the fact patterns in People v. McDaniel or People v. Valero. For instance, in McDaniel, what happened is the defendant entered the store, immediately committed his thefts, and left. He was charged both with entering without authority with intent to commit a theft and with remaining within without authority with intent to commit a theft. The jury acquitted on the entering charge but convicted on the remaining charge. And the appellate court, we think, in overly broad reasoning but in the correct result, held that because there was no sort of act of remaining in that case that was in any way distinct from the entry, that a charge of burglary by remaining within was unsustainable. The facts here are markedly distinguishable. Here we have an instance where the defendant enters the store, likely with the intent to commit a theft, although he wasn't charged with that, but he entered the store, immediately conducted this sort of fraudulent return of merchandise that he hadn't paid for, and then rather than leaving the store, he remained in the store. And in a way that was not simply a continuation of that entry. Now, obviously, anybody who enters a store sort of in the very next instant has, in a sense, remained in the store. And that's probably what the defendant in McDaniel might have done or Valero. But here you have an instance where the defendant, in a break with his prior course of conduct, embarked on a new criminal enterprise and in that sense committed some sort of over-affirmative act of remaining that was not simply a continuation of his entry, but was distinct from that entry. And gives rise to a charge that he remained in the store, without authority, with intent to commit a theft therein. And I think this sort of brings up what the real... I think to the extent that we're sort of always left with prosecutorial discretion to determine whether or not the defendant was charged with a crime or not, I think this sort of brings up what the real... And I think to the extent that we're always left with prosecutorial discretion to determine whether or not the defendant was charged with a crime or not, I think this sort of brings up what the real... Some confusion I think with the prosecutor's office over whether an entering charge would have been more appropriate here rather than a remaining within charge. I think a good case can be made that the prosecutor's reasonably thought of remaining within charge was more appropriate here. As the defendant argues in his brief, you know, he had money on him when he entered the store. Perhaps it would have been harder to know what his intent upon entering the store was. But once he commits that DVD exchange theft and then rather than leaving the store, remains within the store and embarks on a new criminal enterprise, at that point it's undeniably clear what his intent is and that he had no authority to be in that store. And I think this gets us back to People v. Weaver. This court held nearly 50 years ago, it adopted what's come to be known as the limited authority doctrine. And in that case, the issue, it was a charge of burglary by entering without authority. And the court held there that a defendant who enters a store that's otherwise open to the public, so for instance a Walmart during business hours, that person has not entered the store with authority if his intent upon entering was limited. And the court held that the intent upon entering the store is to commit a theft. That's settled law. It's been the law of the state for nearly 50 years. The General Assembly has never sought to alter it. And in a sense, I think all of the defendant's legislative history and policy and absurdity arguments really challenge Weaver to the extent that the argument here is that the burglary statute has been broadened to encompass many acts of retail theft. Weaver itself did that. And the defendant has not asked this court to overrule Weaver. That issue has not been briefed or argued and it wouldn't be appropriate in this case for this court to address that issue. But Mr. Levin, what about the standard of a discrete act of remaining operate in a scenario where the defendant remains in the store for purposes other than a theft? Well, I think the... I mean, if the defendant steals something but then goes on to the dairy section and buys almond milk and then pays for it on the way out. Well, in that case, the defendant certainly would have remained in the store, but his remaining would not have been accompanied by an intent to commit a theft. Whereas here, if the remaining... So what does without authority mean? He has authority to stay in the store to buy something? Well, yes. And under Weaver, that authority is only vitiated if the remaining is accompanied by an intent to commit a theft. So if the defendant entered the store and committed some thefts and then remained with the intent to buy some milk or fill a prescription or anything like that, while he might be liable for a theft, he would have remained in the store. He would not have been liable for burglary on the theory that he entered with intent to commit a theft. There wouldn't be a separate act of remaining that was accompanied by that intent that would give rise to a separate charge. What is a scenario for someone to commit retail theft? Without committing burglary. Right. Well, I think the scenario McDaniel, we acknowledge that McDaniel, who, based on the jury's verdict, entered the store without an intent to commit a theft. And then almost spur of the moment, I think that those are the terms Valero used, which is another case where we acknowledge a theft pattern that would not be burglary, although it would be retail theft. And so a spur of the moment type of crime. Whereas here, we have an instance... These are rather unique thefts. I mean, this is not... This was not your run-of-the-mill burglary. This was a defendant who entered the store, immediately made his way to the store. Made his way to the DVD aisle. Maybe it was spur of the moment. Not intent... Maybe he didn't enter with the intent to commit that. And I think that would be a question of fact for a fact finder, had he been charged here on that count, which he wasn't. Just as our... The formulation we've put forth of a distinct act of remaining. The question of whether there was any sort of distinct act of remaining that was discreet from the entry and that was accompanied by an intent to commit a theft. That would be a question of fact for the fact finder. And here, of course, the judge found... The judge was aware that the defendant here was charged not with entering without authority, but of remaining without authority, and found that the evidence did meet... Did establish those facts. What about the concerns that a defendant could be subject to a significant prison sentence for shoplifting, only $20 worth of merchandise? I think those are real concerns. But as I say, they apply as much to Weaver itself as to our argument here. Weaver held that a defendant who enters a Walmart with the intent to commit a theft therein, be it a theft of $100 worth of merchandise or $5 worth of merchandise, has entered that store without authority, and therefore has committed a burglary. And, in fact, has committed a burglary even if he ultimately does not steal anything or even attempt to steal anything. The burglary is complete upon the entry without authority. And Weaver, in adopting the limited authority doctrine, held that one does not have authority to enter a business, even if it's otherwise open to the public, if that entry is accompanied by an intent to commit a theft. And so the real issue here is simply whether that limited authority doctrine, whether there's any basis in the text of the statute, in this Court's precedent, or in logic, to say that the limited authority doctrine should not apply to the act of remaining in a store in the same manner that it applies to an entry. And so just as Weaver held that one who enters a store that's otherwise open to the public with the intent to commit a theft therein has not entered with authority, we believe that that doctrine should likewise hold that somebody who remains within a store that's otherwise open to the public, but with intent to commit a theft therein, has not remained in the store with authority. It's true, of course, that the defendant points to what I would say is probably the quintessential example of that, of a remaining without authority, which is the defendant who enters with authority and then hides away.  That would dictate that that's the only way that somebody can remain within a store without authority. And he has not explained why Weaver's limited authority doctrine wouldn't likewise apply here. To the extent that Weaver itself has broadened the burglary statute, this Court adopted that holding nearly 50 years ago, and the General Assembly since then has acquiesced in it. And in cases like that, the General Assembly is the body that's better positioned to weigh the policy interests at stake and determine whether or not that ought to be the law of Illinois. What is the standard that you think this Court should adopt to guide the trial courts in a decision as to whether or not this is an appropriate burglary? Well, the language we put forth in our brief is and in a sense it's semantic, and I think the Court could choose other like terms to give guidance, but essentially the trial court should be directed to look for discrete or distinct acts of remaining, in some sense where a new course of conduct is embarked upon. And I think a good analogy here would be, let's say for instance that the defendant here, after committing the DVD thefts, had actually exited the building, got into the parking lot, got into his car and then decided, you know what, I want to go back in and steal the hat and the shoes. And then had entered the building with that intent. It's, I think, undisputed under Illinois law that that would be a second act of burglary. And so here obviously he didn't leave the store and come back in, but by his actions, I think he's much closer to that end of the spectrum than to somebody like McDaniel who simply left the store. He, in a clear break in his course of conduct, he embarked on a new criminal enterprise. And it wasn't simply going from one aisle to the next stealing items. There was a clear, not only temporal break, but a qualitative difference in the DVD exchange which was sort of a fraud based theft. And then your more standard just, you know, picking items off the shelf. So if a person comes into a store with the intent to steal a hat, he's committed the offense of burglary? Yes. And if he changes his mind and pays for the hat, he's still committed burglary? He has. And that's a straightforward example, I think, of people versus Weaver. Now it might be hard to prove, obviously, because in a case where a building is otherwise open to the public and anybody has authority to enter, unless there is an ultimate theft or at least an overt attempt at the theft, it would be hard to prove that the person entered with that intent. It could be proved. You can imagine a scenario where he and a friend outside the store were overheard discussing their intent. And in that sense, you can imagine that charge. So I think accepting those facts is true, yes, that would be a burglary under Weaver. And I don't think the defendant would dispute that. But I don't know. I don't want to put words in his mouth. How would an actual retail theft occur, then, in that scenario that Justice Carmichael gave you? Why is that not a retail theft? It would be a retail theft as well. And this Court recognized in, I believe, People versus Miller that retail theft and burglary do not share identical elements. The retail theft requires a taking of property. It does not require any proof of an intent or an entry or a trespass. Whereas burglary is essentially a trespassory offense, which requires an intent to commit a theft, but does not require any completed theft. So oftentimes, in the case law, you do see defendants charged both with burglary and with retail theft. Well, wouldn't the prosecutor then, in practical sense, really never charge retail theft? He'd want, or she'd want to charge burglary. I don't think the prosecutors would never charge retail theft. I think it's a better practice to charge both. Just, for instance, in Justice Carmichael's hypothetical, if you have a case where it's difficult to prove intent upon entry, which might make the burglary charge itself difficult, the fallback of retail theft would often be prudent. Someone goes into a store, takes an item, is going to just walk out as quickly as he can, heads up the aisle, sees a security guard and has to then go around the perimeter of the store to get out, or feels he has to do that. So in the first instance, walking straight out would be retail theft, where if he remained in the store to walk around the perimeter to get out, that would be burglary? No, I think, and this is actually an important point, I think, and I think it's a I think the defendant sort of makes this point in his reply brief, and I think it's a misunderstanding of our argument. The issue as we see it is not that the defendant didn't leave the store immediately after committing the DVD exchange. If he had stayed in the store just to walk around or to go to the bathroom or whatever, it wouldn't have given rise to a separate charge of burglary. He would have remained in the store, no doubt, but burglary is not simply remaining within a store. It's remaining in a store without authority. And Weaver's limited authority doctrine only comes into play there if the remaining is accompanied by an intent to commit a theft. So if he entered with intent to commit a theft, committed a theft, that would be burglary under Weaver. If he then remained in the store with no further intent to commit further thefts, there would not be an additional charge of burglary. What happened here, of course, is he didn't simply remain in the store for a legitimate reason. He remained in the store with the intent to commit several quite distinct acts of theft that differed fairly materially from the initial acts of theft. So while he likely could have been charged with burglary for entering, he also can be charged with burglary for remaining within. Not because he simply remained within, but because he remained within with the intent to commit thefts. Maybe I'm misunderstanding something, but it's the without authority issue I have trouble with. If just a person enters the store and then decides once they get in the store that they're going to take the gloves, what is without authority? They enter the store with authority. Yes, I would agree. In that case, yes. If we assume that the person there entered without any intent to commit a theft, so he entered legitimately, and then developed an intent. That would not support a charge of burglary by entering without authority, because Weaver says that a charge of entering without authority can only be sustained under the limited authority doctrine if the intent to commit a theft accompanies the entering. It might be a more difficult question of whether a charge of remaining without authority under the limited authority doctrine would come into play there. The question then would be, did he do any sort of discrete act of remaining that wasn't simply a continuation of his entry? I think under the facts that you've put forward there, it would be a different call. Because there it seems more like the scenario in Valero where the person entered legitimately, and then in a spur of the moment, a crime of opportunity, committed a theft. So it would be difficult to show that there was any moment in time where there was this distinct act of remaining that was accompanied by an intent to commit a theft. In that sense, the rule we propose is not overly broad. It's not going to sweep in the mind run of cases of ordinary retail theft any more than Weaver itself admittedly swept in a lot of what a lay person might consider ordinary retail theft into burglary. But I think that's just a function of the limited authority doctrine itself. And as we note in our brief, several states by statute have either abolished or simply refused to adopt the limited authority doctrine. But that issue has not been presented in this case. So we're left instead with the far narrower question of simply accepting the limited authority doctrine as the law of Illinois. Is there any basis for applying it to burglaries by entering, but not to burglaries by remaining? So the defendant comes in, takes some DVDs, gets a gift card, right? Yes. If he had just It would have been retail theft, and I believe it could have been charged as burglary by unauthorized entry. Assuming the people could have proven that he entered with the intent to commit those DVD thefts. Admittedly, that wasn't charged here. So the question is, could those facts have supported a charge of burglary by unlawfully remaining? I would say no. So the reason that you're saying he unlawfully remained with intent to commit theft was because then he goes and gets items that he purchases with the gift card, and he grabs a few other things, right? Yes. I would make one correction there, and I think this is a misstatement perhaps in the defendant's brief. He did commit further thefts. He didn't simply then take items and pay for them with the gift card. He used the gift card I think to pay for some items that a friend had selected. But he himself stole additional items. He took a hat, shoes, and I believe a he didn't pay for it all. So those, in that sense, he remained in the store after committing the DVD theft with the intent to commit those further crimes. And under the burglary statute, as augmented by People v. Weaver's limited authority doctrine, at that moment he committed an affirmative act of remaining in the store without authority with the intent to commit a theft therein. He comes back a week, if he didn't do that and walked out, and he comes back a week later, then I assume it would be intent to enter. Exactly. If he had simply left the store right after the DVDs gone into the parking lot, but then turned around and come back in with the intent to commit a theft, People v. Weaver would say that that was an entry into the store without authority, because he entered with the intent to commit a theft. And so here he didn't quite make it all the way out of the store, but he made it to the customer service desk and then embarked on a fairly distinct act of further thefts with intent to commit those thefts. Chief, may I ask one question? Yes. Tell me, then again, why, if a person who doesn't come in with the intent to commit a theft or shoplift, but forms that intent as he's approaching the exit, why he's not remaining within until he gets outside the store, remaining within without authority, because he doesn't have authority to come in to do shoplifting at any time? Why wouldn't they all be charged with burglary, as Justice Thomas asked earlier? Does he have authority to remain within to complete his shoplifting until he gets out? Well, People v. Weaver would say, I think an application of People v. Weaver to the remaining in-prong would say that a person who with intent to commit a theft is remaining in the store without authority. And so in that sense, they would, under the burglary statute, burglary is either entering or remaining within a store without authority with intent to commit a theft therein. So in that sense, a person who remains within a store with intent to commit a theft would be guilty of burglary. Now, obviously, the issue there will be, is there an act of remaining? And I think this is where the problem comes in. When you're talking about entering, that's easy to determine. Did the person enter the store or not? The more difficult issue on the remaining prong is often going to be, was there some sort of act of remaining that's not, as I said before, simply a continuation of the entry itself? It seems to me, until he's outside the store, he's remained within the store. Well, yes. In that sense, that's true. But I think that might be more of the sense where the remaining is in no sense different than the entry. And so that's why we think that People v. McDaniel ultimately got it right, because there was no remaining in that case that was different from the entry itself. And so we wouldn't want to double count and say that everybody then is guilty of two burglaries simply upon entering and not instantaneously leaving. But we think here the facts are quite different. Thank you, Counsel. Thank you. If there are no further questions, obviously, we would ask the Court to affirm the judgment of the case. Just a few brief points, Your Honor. First of all, the retail theft statute is not limited to shoplifting one item. And here what we have is no different than common acts of shoplifting that are probably happening every day in Illinois. And one more point, the discrete act of remaining, the State alluded to this, but it created this standard specifically for this case. It has no basis in the law, and it was created to save this one conviction. The State also tries to clarify its arguments regarding McDaniel and Valera. But in its brief, the State said that when a defendant enters shoplifts and leaves in quick succession, it does not implicate the burglary statute and is rightfully charged and convicted as retail theft. But that begs the question, if a defendant shoplifts but does not immediately leave, when does burglary happen? And I think the State had trouble explaining this because it's incredibly complicated. And in its brief, the State takes this position but fails to really discuss or give any thought to how this would play out in the lower courts. Instead, it left that to the triers of fact, the trial court, and the appellate court. And it would create much confusion when for 37 years, this is how the statute has been interpreted. And for 37 years, the legislature has acquiesced to this. Counsel, you've made a very forceful argument here, both in your opening and now, and yet you've yet to use the word weaver, which is the main case, obviously, the State is relying on. Please discuss it and explain how the holding of weaver fits into your argument. Thank you. Weaver is not inconsistent with my argument. Weaver addressed only burglary by illegal entry. And what the State did not mention when it was up here is that a few sentences after that, what weaver held was that a criminal intent formulated after a lawful entry will not satisfy the statute. And that is exactly what we have here. We have an entry that was lawful and a criminal intent formulated after. Weaver does not need to be overruled. Weaver does not need to be addressed insomuch as the State is attempting to make this court do. Weaver can be read as consistent. Weaver did not address burglary by unlawfully remaining. It only addressed the first provision. Are there any other questions? I don't think so. Thank you, Your Honor. Thank you. Case number 118674, People of the State of Illinois v. Jesse Travis Bradford, will be taken under advisement as agenda number one. Mr. Wessel and Mr. Levin, thank you for your arguments this morning. You are excused at this time.